R. P. WILLIAMS v. THE STATE.

No. 4264. Decided June 19, 1909.

1.—Local Option—Identification—Sufficiency of the Evidence.

Upon trial of a violation of the local option law where the evidence showed a sale of the whisky, and the issue was narrowed down to one of identification of defendant, which was shown by circumstantial evidence, the conviction will not be disturbed.

2.—Same—Evidence—Conclusion of Witness—Harmless Error.

Upon trial of a violation of the local option law there was no reversible error to admit testimony of a conversation between defendant and another with reference to the proprietorship of the place where the whisky was sold, although the same conveyed the conclusions of the witness at the same time.

3.—Same—Evidence—Other Transactions.

. Upon trial of a violation of the local option law where the evidence did not positively identify the defendant as the person who sold the whisky, there was no error in admitting testimony of previous and other sales of whisky by the defendant.

Appeal from the County Court of Haskell: Tried below before the Hon. Joe Irby.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for selling whisky in violation of the local option law, his punishment being assessed at a fine of $100 and sixty days confinement in the county jail.

The evidence discloses that about the 5th of January of this year, and about eight or nine o'clock in the morning, the State's witness Lueck went into a pool room across from Alexander's store and asked a man who was playing pool in the hall for a bottle of whisky. He walked behind the cigar counter with his cue in his hand, and got a bottle of whisky from a gunny sack under the counter, and handed it to the witness, for which the witness handed him a dollar. It was a pint bottle. The man who gave him the whisky had lost one finger, and the witness noticed this at the time he handed him the whisky; he also had a black mustache. This was the only time the witness ever saw the man from whom he received the whisky, and did not, and could not, recognize defendant as the man, or in any way positively identify him. He would not even swear that he looked like the man from whom he received the whisky. Faulkner, deputy sheriff, testified that he thought appellant run a pool hall across from Alexander's store; that the only reason he thought so was that he overheard a conversation on Christmas day between Williams and Joe McCreary, who

works for the electric light company, in which Williams told McCreary that he would pay for the lights in the pool hall from the time he took charge, but witness did not know whether Williams ever took charge of the hall or paid for the lights; that Williams has a finger off—a forefinger. He also testified that Bill Haynes has a forefinger off, but had no mustache. Todd, brother-in-law of appellant, testified that he thought appellant run a pool hall; that he has seen him collect for the games; that appellant has lost a forefinger, and that he knew Haynes, who stays around the pool room pretty much all the time, and he also has a finger off his same hand, and a forefinger. Edwards testified for the State that he knew the appellant, and had a conversation with him in McGregor's office on the 11th of January, in which appellant stated that he had made $8,000 or $10,000 in selling whisky in Haskell; had ordered as much as $400 or $500 worth of whisky at one time four or five months previous to the conversation; that he had spent seventy-six days in the county jail, and paid $600 or $700 in fines; that after his release from jail he had signed an agreement with the county judge not to sell any more whisky, and since that agreement he had not sold a drop of whisky. Another witness testified that appellant had an iron-gray mustache; that it was not black. The State's witness Lueck testified that the man from whom he purchased whisky had a black mustache. This is practically the evidence in the case.

It is contended that the evidence is insufficient to support the conviction. While it is weak, yet we believe it is sufficient, under the law of circumstantial evidence, to show that appellant was the party from whom Lueck bought the whisky. Haynes had lost one finger from his left hand, as had appellant; appellant had a mustache, Haynes did not, and the issue seems to have been practically narrowed down as between Haynes and appellant as being the party doing the selling.

There are two bills of exceptions in the record. One reserved to the testimony of Faulkner, who stated that he thought appellant was the proprietor of the pool hall across from Alexander's store because he overheard a conversation between appellant and Joe McCreary, on Christmas day, in which he, appellant, told McCreary he would pay for the lights in the pool hall from the day he took charge. We are of opinion this testimony was admissible, except as to the reason or conclusion. The facts are given which forms the basis of the conclusion. The conversation was clearly admissible as a circumstance tending to show appellant was the owner of the pool hall where whisky was purchased. While the conclusion of the witness was not admissible, still it was not of sufficient importance, in our judgment, to require a reversal.

Another bill of exceptions was reserved to the testimony of the witness Edwards, who testified that appellant had stated in his presence that he had made $8,000 or $10,000 selling whisky in Haskell, and had had as much as $400 or $500 worth of whisky shipped to him there

at one time. The objection to this was that it was immaterial, irrelevant, and offered for the purpose of prejudicing the minds of the jury against appellant, and that it did not establish the offense for which defendant was being tried, and was offered for the purpose of showing that defendant had been engaged in the sale of intoxicating liquors, and was, therefore, calculated to prejudice his case before the jury. Under the later decisions of this court this testimony was admissible. This was a case of circumstantial evidence, and this testimony had a tendency to aid the State in showing that appellant was the party to whom the witness Lueck referred while testifying. Had Lueck positively identified appellant as the man who sold him the whisky this testimony would have been inadmissible, but under the circumstances we are of opinion that there was no error, at least, not of sufficient importance to require a reversal of the judgment.

As the record presents the case, the judgment ought to be affirmed, and it is so ordered.

*Affirmed.*